IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MAYRA STUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:18-cv-00637 |
| | ) | |
| ROBERT WILKIE, | ) | By: Elizabeth K. Dillon |
| SECRETARY, DEPARTMENT OF | ) | United States District Judge |
| VETERANS AFFAIRS | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DISMISSAL ORDER**

Plaintiff Mayra Stump, by counsel, filed her complaint against Robert Wilkie, Secretary of the Department of Veterans Affairs, on December 21, 2018. (Compl., Dkt. No. 1.) The court sent a letter to Stump's counsel on March 5, 2019, explaining that, pursuant to Federal Rule of Civil Procedure 4(m), Stump had only seventy days remaining to serve defendant before her complaint would be dismissed. (Dkt. No. 4.) On April 2, 2019, counsel for Stump filed a copy of a summons with an affidavit swearing that a process server effected personal service of the complaint on Daniel Kennedy, a paralegal authorized to accept service on behalf of Robert Wilke in Washington, D.C. (Dkt. No. 8.) After no answer was filed to the complaint, Stump filed a motion for default judgment on September 13, 2019. (Dkt. No. 11.) Finding that Stump failed to effect proper service on defendant, the court will deny Stump's motion for default judgment and dismiss her case without prejudice pursuant to Rule 4(m).

Rule 4(i) mandates that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the

agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Rule 4(i)(1) sets forth the requirements for serving the United States as follows:

> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . .

Fed. R. Civ. P. 4(i)(1). Thus, to effect proper service, Stump was required to serve three people — Robert Wilkie, the United States Attorney for the Western District of Virginia, and the Attorney General of the United States.

In her complaint, Stump alleges that "[i]n accordance with . . . Rule 4(i)(1)(2) Plaintiff is serving Defendant by serving the Unites [sic] States and sending a copy of this pleading and summons to the Agency via certified mail." (Compl. ¶ 2.) She further states that she "is serving the United States by serving to the U.S. Attorney for the U.S. Western District of Virginia, Thomas T. Cullen, via certified mail, and serving a copy of the same to the U.S. Attorney General, Jeff Sessions, via certified mail." (*Id.* ¶ 3.) However, the record indicates that Stump served only defendant Wilke (Dkt. No. 8) and never served the United States Attorney or Attorney General as required.[1] *See Evans v. United States*, No. 4:16-cv-00020, 2016 WL 9331286 (W.D. Va. Nov. 15, 2016).

---

[1] In her motion for default judgment, Stump also represents to the court that "Defendant was served by a private process server on March 18, 2019;" however, the attached exhibit indicates that she served only Robert Wilkie. (Dkt. Nos. 11, 11-2.)

Moreover, after Stump filed her motion for default judgment, the United States Attorney sent the clerk's office a copy of a letter addressed to counsel for Stump and dated September 27, 2019, which informed counsel that proper service was never made. The letter pointed counsel to Rule 4(i) and provided a copy of the United States Attorney's designated civil-process clerks. Yet there is no indication in the record that Stump attempted to serve the United States as required by Rule 4(i)(1). Nor has she filed a motion to extend the time limit for service.

The deadline for service provided in Rule 4(m) passed over a year ago on December 21, 2018. (Dkt. No. 4.) Even with prompting by the United States Attorney, Stump has failed to effect proper service.

Accordingly, it is hereby ORDERED that Stump's motion for default judgment (Dkt. No. 11) is DENIED, and that Stump's complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m). It is further ORDERED that this matter is STRUCK from the active docket of the court.

The clerk is directed to send a copy of this order to all counsel of record.

Entered: March 17, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge